FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNA MONTES, for herself, as a private attorney general, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC, SPARC GROUP LLC and PENNEY OPCO LLC<br><br>Defendants. | NO. 2:25-CV-0281-TOR<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT |

BEFORE THE COURT are Defendants' Motion to Dismiss First Amended Complaint (ECF No. 10) and Defendants' Motion Request for Judicial Notice (ECF No. 11). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss First Amended Complaint (ECF No. 10) is GRANTED in part and Defendants' Motion Request for Judicial Notice (ECF No. 11) is DENIED as moot.

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 1

## BACKGROUND

This case arises out of claims of deceptive marketing practices under Washington's Consumer Protection Act ("CPA"), RCW 19.86.010-.920, and Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190.050-.110.  ECF No. 1-1 at 22-29.  Plaintiff alleges these violations because of Defendants' (collectively known as Aéropostale) advertising practices including electronic email messages.  ECF No. 1-1.  This suit alleges claims for a class action for anyone who received these emails in the State of Washington during the applicable limitations period.  ECF No. 1-1 at 7.  Plaintiff requests the $500 statutory damage allotment, treble damages, and attorneys' fees.  ECF No. 1-1 at 28.  Also, Plaintiff requests a permanent injunction.  ECF No. 1-1 at 29.

Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint and filed a Motion for the Court to take judicial notice of exhibits from a similar case involving one of the same defendants.  ECF Nos. 10; 11.  Defendants state Plaintiff fails to state a claim and warrants dismissal.  ECF No. 10.

## DISCUSSION

**A. Motion to Dismiss**

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 2

(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. This also requires facts to support legal conclusions beyond simply stating conclusory legal statements. *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations). However, a court must construe facts in the light most favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true. *Twombly*, 550 U.S. at 556. In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570. In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

Under the CEMA, commercial emails sent to Washington residents that contain "false or misleading information in the subject line[s]" are prohibited. *Certification from United States Dist. Ct. for W. Dist. of Washington in Brown v.*

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 3

1  *Old Navy, LLC*, 4 Wash. 3d 580, 584 (2025); RCW 19.190.020(1)(b).  Specifically
2  stated under RCW 19.190.030, a violation of the same results in a violation of the
3  CPA.
4       Under the CPA, RCW 19.86.020, "[u]nfair methods of competition and
5  unfair or deceptive acts or practices in the conduct of any trade or commerce" are
6  prohibited.  *Old Navy, LLC*, 4 Wash. 3d at 584 (quoting RCW 19.86.020).  For a
7  CPA claim, five elements must be established: "(1) an unfair or deceptive act or
8  practice (2) in trade or commerce (3) that affects the public interest, (4) injury to
9  plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.,* 189 Wash.
10 2d 718, 728 (2017) (citation omitted).  Once these are met, the injured person "may
11 bring a civil suit for injunctive relief, actual damages, attorney fees, and up to
12 treble actual damages." *Wright*, 189 Wash. 2d at 728; RCW 19.86.090.  Notably,
13 this act does not provide an independent action for relief of monetary damages
14 except for phishing violations.  RCW 19.190.040; *Wright*, 189 Wash. 2d at 732.
15       As stated, a violation under the CEMA results in a *per se* violation under the
16 CPA.  *Old Navy, LLC*, 4 Wash. 3d at 584; *See* RCW 19.190.030(1).  Under the
17 CEMA, the injury requirement is met for the sole act of receiving an email that
18 violates this act.  *Old Navy, LLC*, 4 Wash. 3d at 584; RCW 19.86.090.  Therefore,
19 for a court to impose a $500 penalty for violating this act, it does not require any
20 proof of actual damages.  *Old Navy, LLC*, 4 Wash. 3d at 584; RCW 19.86.090.

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED
COMPLAINT ~ 4

Under Article III of the Constitution, federal courts must only hear cases and controversies. *United States v. Texas*, 599 U.S. 670, 675 (2023). A case or controversy exists if the plaintiff has standing. *Id.* Essentially, under Article III of the Constitution, to bring a case to federal court, a plaintiff must prove they have standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

A "lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). To prove standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

For the injury prong, a plaintiff "must show that she has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). For a harm to be concrete, it does not need to be tangible. *TransUnion LLC*, 594 U.S. at 423.

//

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 5

*I. Injury*

Plaintiff fails to meet the requirements for standing because Plaintiff's alleged harm is not concrete. Concreteness means the harm must "actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, *as revised* (May 24, 2016). Plaintiff does not allege any actual harm other than stating there was a harm and implying this requirement is met because Plaintiff received emails that allegedly violated the CPA and the CEMA. ECF No. 1-1 at 22-28. As stated in *Spokeo*, a statutory claim does not automatically always meet the injury standing component. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341, *as revised* (May 24, 2016); *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 782 (9th Cir. 2018) (stating injury is not always met solely because there is a statutory cause of action).

This is further supported when the Supreme Court established the difference in two examples:

> Suppose first that a Maine citizen's land is polluted by a nearby factory. She sues the company, alleging that it violated a federal environmental law and damaged her property. Suppose also that a second plaintiff in Hawaii files a federal lawsuit alleging that the same company in Maine violated that same environmental law by polluting land in Maine. The violation did not personally harm the plaintiff in Hawaii.

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). This case is comparable to the second example where the violation itself did not cause any harm to the plaintiff. In this example, the Supreme Court recognizes that there is no injury,

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 6

and it is merely ensuring compliance with a law. *Id.* This is not an injury that meets the requirements of standing because there is no personal harm, and Plaintiff is not seeking a remedy for any harm. *Id.*

The Court fails to see how receiving an email with a misleading or false subject line harmed Plaintiff in a concrete manner that would rise to the level required for standing. Plaintiff does not allege an economic loss, detrimental reliance, or any comparable injury. For example, the simple act of failing to meet the standard requisite duty alone is not a harm. *Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*, 707 F.2d 1086, 1092 (9th Cir. 1983) ("mere negligence alone does not give rise to liability, rather, the negligence must have caused the injury."). Similarly, the mere receipt of misleading or false subject lines in emails does not, by itself, constitute an injury. Even in the context of negligence *per se* it is not the same because that still shows a harm of a specific protected group by the statute. A harm or injury is essential to the claim. *Gosney v. Fireman's Fund Ins. Co.*, 3 Wash. App. 2d 828, 855, (2018) ("Harm is an essential element of any tort claim") (quoting *Safeco Ins. Co. of America v. Butler*, 118 Wash. 2d 383, 389 (1992)) (citation omitted).

Plaintiff uses a case from the U.S. District Court of the District of Washington to state that there is a concrete harm. *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019). This Court declines to follow. In

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 7

*Harbers*, the Court reviewed a Ninth Circuit case to establish that the CEMA identifies a right to be free from deceptive commercial emails. *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017). That court determined that this is a substantive right that is comparable to the Telephone CPA ("TCPA") and constitutes injury. However, this is not a fair comparison.

In *Van Patten*, the statute in question prohibited transmission of spam emails and unsolicited telemarketing. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017). The Court determined that people have the right to be free from unsolicited marketing messages to ensure the right to privacy and prevent nuisance. *Id.* at 1043. The focus of this act was to protect people from receiving calls or messages that were never solicited and therefore, invading privacy. *Id.* However, that is not the case here. This is not a violation of privacy because Plaintiff welcomed Defendants' marketing emails and even wishes to continue to receive Defendants' emails. ECF No. 1-1 at 28; *Bassett v. ABM Parking Servs., Inc.,* 883 F.3d 776, 780–81 (9th Cir. 2018) (a consumer receiving unsolicited text messages violated the TCPA alleging a concrete injury because that form of unrestricted telemarking is a form of intrusive invasion of privacy and results in a nuisance) (citing *Van Patten*, 847 F.3d at 1043). Plaintiff does not allege that these emails were unsolicited or unwanted. They are not unsolicited

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 8

messages. This is not the same right in *Van Patten*. *Van Patten,* 847 F.3d at 1043. It is not the same right that Plaintiff suggests is a substantive right and meets the requirement for concrete injury. This is receipt of alleged misleading or false marketing email subject lines from a solicited company. There is not an invasion of privacy or any similar injury to constitute a concrete harm. Regardless, the Supreme Court already made it clear that if there is no personal harm to Plaintiff, it does not meet the requirements for Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427-28 (2021). Therefore, there is not a concrete harm to confer standing.

   *II. Injunctive relief and Redressability*

   "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Accordingly, "the plaintiff[] must proffer evidence that the defendant['s] 'alleged[] wrongful behavior w[ould] *likely* occur or continue.'" *Murthy*, 603 U.S. at 69 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)). However, this likelihood of repetition does not need to be high. *Sterling v. Feek*, 150 F.4th 1235, 1246 (9th Cir. 2025).

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 9

Plaintiff requests permanent public injunctive relief to enjoin Defendants from engaging in unlawful conduct. ECF No. 1-1 at 29. Plaintiff must provide facts that this is either an ongoing harm or an actual and imminent threat of harm.

Not only does Plaintiff not allege any harm but it follows that Plaintiff does not allege any imminent threat or ongoing actual harm either. As discussed, Plaintiff did not allege any harm to satisfy standing meaning any proposed threat or ongoing harm of the same also does not stand.

Also, this does not satisfy the requirements for redressability to confer standing. Plaintiff requests an injunction to prevent Defendants from sending additional misleading or false information in their email subject lines. ECF No. 1-1 at 28. If receipt of an email is not a concrete injury, then this request for remedy is not a solution. An injunction will not remedy any harm because there is not an alleged concrete harm to remedy. Therefore, the Court cannot find that it has Article III standing to hear the case and must dismiss.

Furthermore, when a suit is brought as a class action, it must "be dismissed for mootness when the personal claims of all named plaintiffs are satisfied, and no class has been properly certified. *Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 924 (9th Cir. 2007). Here, the named plaintiff's case is satisfied because the case is dismissed. Additionally,

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 10

"dismissal for lack of subject matter jurisdiction is without prejudice." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted).

**B. Request for Judicial Notice**

Under Federal Rule of Evidence Rule 201, Defendants request that the Court take judicial notice of specific facts regarding two exhibits. ECF No. 11 at 2. The Court declines to take judicial notice because this motion is now moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss First Amended Complaint (ECF No. 10) is **GRANTED in part.** Plaintiff's claims are **DISMISSED without prejudice** for lack of standing.

2. Defendants' Motion Request for Judicial Notice (ECF No. 11) is **DENIED as moot.**

The District Court Executive is directed to enter this Order, judgment of dismissal without prejudice, furnish copies to counsel and **CLOSE** the file.

DATED December 4, 2025.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT ~ 11