Daniel M. Hattis, WSBA No. 50428
dan@hattislaw.com
Che Corrington, WSBA No. 54241
che@hattislaw.com
HATTIS LUKACS & CORRINGTON
11711 SE 8th St., Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNNA MONTES, for herself, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC, SPARC GROUP LLC, and PENNEY OPCO LLC,<br><br>Defendants. | Case No. 2:25-cv-00281-TOR<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AND JUDGMENT (ECF NOS. 14 & 15)**<br><br>**1/5/2026**<br>**Without Oral Argument** |

PLAINTIFF'S MOTION
FOR RECONSIDERATION- i
2:25-CV-00281-TOR

HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

# MOTION

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff Shawnna Montes respectfully requests the Court reconsider its Order (ECF No. 14) and Judgment (ECF No. 15). Specifically, Ms. Montes asks the Court to vacate its Judgment in its entirety and to amend its Order such that, rather than dismissing the case without prejudice for lack of standing, the Court remands the case to Spokane Superior Court where it was originally filed. *See* ECF No. 1.

To be clear, Ms. Montes does not contest the Court's holding that the Court lacks subject matter jurisdiction over this case due to a lack of Article III standing. That said, the Court was obligated to remand the case rather than dismiss it. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (noting that "the literal words of § 1447(c), … on their face, give no discretion to dismiss rather than remand an action"); *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("[T]he district court generally *must* remand the case to state court, rather than dismiss it."). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196.

The mandatory remand rule applies to civil actions which were removed under the Class Action Fairness Act, as this action was (*see* Notice of Removal, p. 2 [ECF No. 1]). *Polo*, 833 F.3d at 1196.

Moreover, there are good reasons why remanding is mandatory. For instance, in this case, Ms. Montes would be prejudiced if she were required to refile her case in state court because it would allow Defendants to raise a new statute of limitations

PLAINTIFF'S MOTION
FOR RECONSIDERATION - 1
2:25-CV-00281-TOR

**HATTIS LUKACS & CORRINGTON**
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

defense against many of the violative emails that form the basis of her claims. **Ms. Montes specifically filed her case in state court in order to preserve the statute of limitations in the eventuality that something like this happened; it was Defendants who chose to remove this case to federal court.**

      The face of the Court's Order suggests that the Court was unaware that the case had been removed from state court. The Order does not mention this fact. Nor does the Order mention the possibility of remanding the case or explain why the Court believed that a remand was inappropriate. Thus, it appears that the Court simply made an inadvertent mistake—which is understandable since the Court ruled on this standing issue *sua sponte* without the benefit of briefing by the parties.[1]

---

[1] The Ninth Circuit has recognized a single, narrow exception to the mandatory remand requirement, which is if the remand would be futile. *Polo*, 833 F.3d at 1197. As an initial matter, this futility exception "may no longer be good law." *Id.* Regardless, a remand would not be futile in this case. In order for the futility exception to apply, "a district court must have 'absolute certainty' that a state court would 'simply dismiss the action on remand.'" *Id.* at 1198. "In other words, only when the eventual outcome of a case after remand is so clear as to be foreordained" can a district court dismiss it to "prevent any further waste of valuable judicial time and resources." *Id.* Nowhere in the Order is there any indication that the Court has absolute certainty that the state court would dismiss Ms. Montes's CEMA claims on remand. And any such belief would be entirely unfounded given the fact that **the Washington Supreme Court just recognized that the type of CEMA claims Ms. Montes brings are actionable.** *See Brown v. Old Navy, LLC*, 4 Wn.3d 580 (2025).

PLAINTIFF'S MOTION
FOR RECONSIDERATION - 2
2:25-CV-00281-TOR

**HATTIS LUKACS & CORRINGTON**
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Federal Rule of Civil Procedure Rule 60(b)(1) allows a district court to relieve a party from a judgment or order upon a showing that a "mistake" was made. A "mistake" under Rule 60(b)(1) includes "a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). The error of law here was the case being dismissed when it was required to be remanded to state court.

Accordingly, Ms. Montes respectfully requests the Court to remedy this legal error by vacating its Judgment in its entirety and amending its Order such that, rather than dismissing the case without prejudice for lack of standing, the Court remands the case to Spokane Superior Court where it was originally filed.

Dated: December 5, 2025

HATTIS LUKACS & CORRINGTON

By: */s/ Che Corrington*
Che Corrington, WSBA No. 54241
Daniel M. Hattis, WSBA No. 50428
HATTIS LUKACS & CORRINGTON
11711 SE 8th St., Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: che@hattislaw.com
*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION
FOR RECONSIDERATION - 3
2:25-CV-00281-TOR

HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States of America that on the 5th day of December, 2025, the document attached hereto was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in the matter.

Dated: December 5, 2025

                                 */s/ Che Corrington*
                                 Che Corrington, WSBA No. 54241

PLAINTIFF'S MOTION
FOR RECONSIDERATION - 4
2:25-CV-00281-TOR

**HATTIS LUKACS & CORRINGTON**
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com