1  Daniel M. Hattis, WSBA No. 50428
   dan@hattislaw.com
2  Che Corrington, WSBA No. 54241
   che@hattislaw.com
3  HATTIS LUKACS & CORRINGTON
   11711 SE 8th St., Suite 120
4  Bellevue, WA 98005
   Telephone: (425) 233-8650
5  Facsimile: (425) 412-7171

6  *Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNNA MONTES, for herself, as a private attorney general, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CATALYST BRANDS LLC, SPARC GROUP LLC, and PENNEY OPCO LLC, <br><br> Defendants. | Case No. 2:25-cv-00281-TOR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER AND JUDGMENT (ECF NOS. 14 & 15)** <br><br> **1/5/2026** <br> **Without Oral Argument** |

PLAINTIFF'S REPLY I.S.O.
MOTION FOR RECONSIDERATION- 1
2:25-CV-00281-TOR

HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Defendants did not file a response to Plaintiff Shawnna Montes's Motion for Reconsideration by its deadline of December 19, 2025. *See* LCivR 7(c)(2)(B). Defendants' failure to file a response "may be deemed consent to the entry of an order adverse to [Defendants]." LCivR 7(e). Instead of filing a response, Defendants filed a Notice of Appeal. ECF No. 17. If Defendants were hoping that filing a Notice of Appeal divested the Court of jurisdiction to rule on the Motion—thereby preventing the Court from correcting its mistake of dismissing the case instead of ordering a remand, and thereby ensuring that by filing the appeal, Defendants could succeed in *delaying this case for years*—Defendants would be wrong. **The Court still retains jurisdiction and must rule on the Motion for Reconsideration notwithstanding the Notice of Appeal Defendants filed afterwards.** *See* Fed. R. App. P. 4(a)(4)(B)(i).

The law is clear: if a party files a timely motion[1] for relief under Federal Rule of Civil Procedure 60 (Fed. R. App. P. 4(a)(4)(A)(vi)), a notice of appeal that is filed afterwards does not become effective until after the order disposing of that motion is entered. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); *see also Shomo v. Eckert*, 755 F. Supp. 3d 344, 347 (W.D.N.Y. 2024).

The advisory committee notes on FRAP 4 confirm that this is the purpose of the rule. FRAP 4(a)(4) was amended in 1993 so that "a notice of appeal filed before

---

[1] Ms. Montes's Motion was timely filed. She filed her Motion one day after the Court issued its Order and Judgment, and she had 28 days after the entry of the Judgment to file her Motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59.

PLAINTIFF'S REPLY I.S.O.
MOTION FOR RECONSIDERATION- 2
2:25-CV-00281-TOR

**HATTIS LUKACS & CORRINGTON**
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

the disposition of a specified posttrial motion will become effective upon disposition of the motion." Advisory Committee's Note to Fed. R. App. P. 4(a)(4) (1993). **In those circumstances, a filed notice is, "in effect, suspended until the motion is disposed of."** *Id.* (emphasis added).

Thus, the Court must decide Ms. Montes's Motion for Reconsideration ***on the merits*** <u>before</u> the Notice of Appeal can become effective. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.*, 123 F. App'x 995, 997 (Fed. Cir. 2005) **("Under Fed. R.App. P. 4(a)(4)(B)(i), the notice of appeal was not effective until the district court had disposed of the motion for reconsideration <u>on the merits</u>.** Therefore, it was an abuse of discretion for the judge to dismiss the motion for reconsideration as moot on jurisdictional grounds because the court retained jurisdiction until the merits of the motion were passed upon.") (emphasis added).

Defendants appear to have filed their Notice of Appeal as a clever attempt to get around the fact that, under the law, the Court **must** remand the case in response to Ms. Montes's Motion for Reconsideration, and such a remand order would not be appealable. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"). Defendants appear to be hoping to make what should be an unappealable order (a remand)— appealable (by appealing a motion to dismiss), which will bring with it years of delay, to the prejudice of Ms. Montes. Besides being contrary to the law, such a delay would do violence to "the Congressional policy of avoiding interruption of the litigation of the merits of removed causes, properly begun in state courts." *United States v. Rice*, 327 U.S. 742, 752 (1946).

Ms. Montes respectfully requests, pursuant to the authorities cited above, that the Court recognize that Defendants' Notice of Appeal is not effective and that the Court must therefore now rule on the merits of the Motion for Reconsideration. With

PLAINTIFF'S REPLY I.S.O.
MOTION FOR RECONSIDERATION- 3
2:25-CV-00281-TOR

**HATTIS LUKACS & CORRINGTON**
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

1  regard to the Motion for Reconsideration, Ms. Montes requests that the Court vacate
2  its Judgment in its entirety and amend its Order such that, rather than dismissing the
3  case without prejudice for lack of standing, the Court remands the case to Spokane
4  Superior Court where it was originally filed. In doing so, Defendants' Notice of
5  Appeal will be rendered null because a remand order is unappealable.

7  Dated: December 22, 2025       HATTIS LUKACS & CORRINGTON

By: */s/ Che Corrington*
Che Corrington, WSBA No. 54241
Daniel M. Hattis, WSBA No. 50428
HATTIS LUKACS & CORRINGTON
11711 SE 8th St., Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: che@hattislaw.com
*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S REPLY I.S.O.
MOTION FOR RECONSIDERATION- 4
2:25-CV-00281-TOR

HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States of America that on the 22nd day of December, 2025, the document attached hereto was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in the matter.

Dated: December 22, 2025

                     */s/ Che Corrington*
                     Che Corrington, WSBA No. 54241

PLAINTIFF'S REPLY I.S.O.
MOTION FOR RECONSIDERATION- 5
2:25-CV-00281-TOR

**HATTIS LUKACS & CORRINGTON**
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com