David R. Ebel, WSBA #28853
debel@schwabe.com
Davis Leigh, WSBA #58825
dbleigh@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1420 5th Avenue, Suite 3400 Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNNA MONTES, for herself as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC, SPARC GROUP LLC, and PENNEY OPCO LLC,<br><br>Defendants. | Case No. 2:25-cv-00281-TOR<br><br>**DEFENDANTS CATALYST BRANDS LLC, SPARC GROUP LLC, and PENNEY OPCO LLC's OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ........................................................................................................ 2

     A.   If any response is necessary, this Opposition is timely ................................. 2

          1.   No response is necessary. ................................................................... 2

          2.   If any response were necessary, the Local Rules' deadline for opposing dispositive motions applies. ..................................................... 2

     B.   Remand is improper here. ............................................................................. 3

III. CONCLUSION ..................................................................................................... 5

DEFENDANTS' OPPOSITION TO MOTION FOR
RECONSIDERATION – i
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

## I. INTRODUCTION

Plaintiff Shawna Montes is desperate to keep her claim alive, and she'd prefer to pursue her claim in state court. But her desperation is no reason to alter the Court's judgment dismissing her case.

The Court concluded that Montes lacks standing to pursue her claim, divesting the federal court of jurisdiction. Montes does not disagree with that conclusion. She disagrees with the outcome. She wants the Court to remand her claims, rather than dismiss them. So she moved for reconsideration, asking the Court to remand her claims to state court. Remand is the relief that she requests.

Defendants believe that the Court has jurisdiction to address their motion to dismiss on the merits. So they filed a notice of appeal. [Dkt. No. 17.] In response, Montes filed a premature reply brief, contending wrongly that Defendants did not oppose her motion for reconsideration, so the Court must grant it. And she contends that granting her motion for reconsideration will pull the rug out from under Defendants' appeal.

That gambit is clever, but ultimately unpersuasive. Montes's motion for reconsideration seeks a remand, which means that her motion is a dispositive motion under Local Rule 7(b)(3), so Defendants' responsive memorandum is not due for 21 days after Montes's motion for reconsideration. L.Civ.R. 7(c)(2)(B). And Montes's counsel well knows that CEMA claims like hers confer standing for plaintiffs to sue in federal court. Indeed, the Court's sister district court held as much, rejecting a remand motion filed by the same lawyers representing Montes here. *Harbers v. Eddie Bauer, LLC*, 415. F. Supp. 3d 999 (W.D. Wash. 2019).

Accordingly, the Court should deny Montes's motion for reconsideration and allow the Ninth Circuit to address the apparent division of authority within federal courts in this State.

DEFENDANTS' OPPOSITION TO
MOTION FOR RECONSIDERATION – 1
Case No. 2:25-cv-00281-TOR

## II. ARGUMENT

### A. If any response is necessary, this Opposition is timely.

Montes is wrong to suggest that the deadline for opposing her motion for reconsideration has passed. If any response is due at all, it is not due until three days *after* Montes filed her premature reply brief. [*See* Dkt. No. 18.]

#### 1. No response is necessary.

As an initial matter, the federal rules of civil procedure do not recognize a "motion for reconsideration." Accordingly, "motions for reconsideration are disfavored." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010). While that principle derives from a local rule of the U.S. District Court for the Western District of Washington, this "Court's standard policy is to abide by" that Rule "and not allow a response to a motion for reconsideration." *Hall v. Fluor Hanford, Inc.*, No. CV-08-5029-EFS, 2008 WL 4566689, at *1 n.1 (E.D. Wash. Oct. 10, 2008).

In light of this authority, Montes is wrong to suggest that Defendants were under any obligation to respond to her motion for reconsideration. [Dkt. No. 18:1-5.]

#### 2. If any response were necessary, the Local Rules' deadline for opposing dispositive motions applies.

Regardless, if any response to Montes's motion for reconsideration is necessary, this Opposition is timely. Montes filed her motion for reconsideration on December 5. The Local Rules' 21-day deadline for responding to dispositive motions sets the deadline on December 26. Insofar as a response is necessary, this Opposition is timely.

Montes's motion for reconsideration is a dispositive motion under the Local Rules. Local Rule 7(b)(3) makes plain that the term "dispositive motion" includes "a motion requesting … remand." The word "requesting" reflects that whether a motion is a "dispositive motion" depends on the relief sought, not how the motion is captioned. Montes's motion for reconsideration asks the Court to remand her claims to state court.

DEFENDANTS' OPPOSITION TO
MOTION FOR RECONSIDERATION – 2
Case No. 2:25-cv-00281-TOR

[Dkt. No. 16 at 1, 3.] So even though the motion is captioned as a motion for reconsideration, it meets the Local Rules' definition of "dispositive motion."

Local Rule 7(c)(2)(B) sets a 21-day deadline for responding to dispositive motions. Because Defendants filed this Opposition within 21 days of December 5 (when Montes filed her motion), it is timely.

Insofar as the Court disagrees and believes that (a) a response is necessary, and (b) the 14-day deadline applies, Defendants ask the Court for leave to file this opposition brief within the 21-day deadline. This scenario meets Rule 6(b)'s test for excusable neglect. The extent of the delay is short (seven days), and stems from Defendants' good-faith reading of the Local Rule's definition of "dispositive motion," which by its plain text includes motions seeking remand. Finally, granting leave will not prejudice Montes, who will remain free to explain to the Ninth Circuit that she believes that her claims do not confer standing, even though her Complaint says otherwise. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (identifying four equitable guideposts governing excusable-neglect inquiry).

B. <u>Remand is improper here.</u>

The Court should not grant Montes's motion for reconsideration, because remand is not appropriate here. Montes's counsel tried the same gambit years ago. It failed then and should fail now.

*Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019) is instructive. There, the plaintiff—represented by the same lawyers representing Montes here—brought a CEMA claim against a retailer in state court. *Id.* at 1001. The retailer removed, and Harbers moved to remand, contending that her alleged injury was not sufficiently concrete to support standing. *Id.* at 1004. The U.S. District Court for the Western District of Washington rejected that argument. The court's thorough analysis concluded that "CEMA was enacted to protect concrete interests" and that the plaintiff alleged that the defendant violated those interests, which was sufficient to allege standing and thus to invoke federal

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION – 3
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

subject-matter jurisdiction. *Id.* at 1008–09. Montes appears to agree. Her Complaint acknowledges that "CEMA was enacted to protect concrete interests," quotes *Harbers* for that proposition, and notes that *Harbers* held that alleging CEMA violations amounts to a concrete injury-in-fact that suffices to confer standing. [Dkt. 1-1 ¶¶ 37, 84.]

The Western District of Washington has followed *Harbers*. For instance, in *Brinton v. Vivint Inc.*, the court cited *Harbers* and noted that it "agree[d] with the other district courts that have found receipt of spam emails to be a concrete injury that establishes Article III standing." No. 3:23-CV-06105-TMC, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024), *appeal dismissed*, No. 24-5240, 2025 WL 2472999 (9th Cir. Mar. 7, 2025). The *Brinton* court noted that in passing CEMA, the Washington Legislature recognized that spam emails cause various harms, including "lost productivity and resources, annoyance, consumption of valuable digital storage space and financial costs, in addition to the foundational injuries to privacy and freedom from nuisance." *Id.* (cleaned up); *see also Lynch v. AML Network Ltd.*, No. CV 21-3574-GW-RAOX, 2021 WL 4453470, at *5 (C.D. Cal. Sept. 27, 2021) (denying remand of claims filed under California's CEMA analogue, concluding that plaintiff alleged a concrete injury sufficient to invoke Article III standing).

This Court's Order creates an in-circuit division of authority. The Court concluded that bare allegations of CEMA violations do not confer standing. [Dkt. No. 14 at 5–9.] The Western District concluded in *Harbers* and *Brinton* that they do. And the Central District of California reached the same conclusion with respect to claims under California's CEMA analogue in *Lynch*.

That split offers another reason to deny Montes's motion for reconsideration. As her premature reply shows, Montes's ultimate mission is to preclude review of the Court's decision. Indeed, she recognizes that her motion for reconsideration seeks a "remand order," and that if it were granted, "such a remand order would not be appealable." [Dkt. No. 18 at 3:15–16.] Thus, Montes confirms that granting her motion for reconsideration would ensure that the split in authority identified above would not only remain, but would

DEFENDANTS' OPPOSITION TO
MOTION FOR RECONSIDERATION – 4
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

fester. Denying Montes's motion for reconsideration, however, will allow the parties to address these issues to the Ninth Circuit so that it can resolve the split in authority between the Court's Order and *Harbers*.

### III. CONCLUSION

For the reasons outlined above, the Court should deny Montes's motion for reconsideration.

Dated: December 24, 2025                    Respectfully submitted,

/s/ David R. Ebel
David R. Ebel, WSBA #28853
debel@schwabe.com
Davis Leigh, WSBA #58825
dbleigh@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

Christopher E. Stretch (admitted *pro hac vice*)
Meegan B. Brooks, WSBA #62516
(application for admission forthcoming)
Benesch Friedlander Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Tel: 628.600.2250
cstretch@beneschlaw.com
mbrooks@beneschlaw.com

Michael D. Meuti (admitted *pro hac vice*)
Benesch Friedlander Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Tel: 216.363.4500
mmeuti@beneschlaw.com

DEFENDANTS' OPPOSITION TO
MOTION FOR RECONSIDERATION – 5
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

1
2
3   *Attorneys for Defendants Catalyst Brands LLC, Sparc Group LLC, and Penney OpCo LLC*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO
MOTION FOR RECONSIDERATION – 6
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to the following parties in the case who are registered users of the CM/ECF system:

| | |
|---|---|
| Che Corrington<br>che@hattislaw.com | Daniel M Hattis<br>dan@hattislaw.com<br>docket@hattislaw.com |
| Christopher E Stretch<br>cstretch@beneschlaw.com<br>BDillingham@beneschlaw.com<br>Docket2@beneschlaw.com<br>pchau@beneschlaw.com | Michael D Meuti<br>mmeuti@beneschlaw.com<br>docket2@beneschlaw.com<br>RKrueger@beneschlaw.com |
| Davis B Leigh<br>dbleigh@schwabe.com<br>_SEA-CentralFiling@schwabe.com<br>centraldocket@schwabe.com<br>jhaverkamp@schwabe.com | David R Ebel<br>debel@schwabe.com,<br>_sea-centralfiling@schwabe.com<br>centraldocket@schwabe.com<br>troberts@schwabe.com |

*/s/ David R. Ebel*
David R. Ebel, WSBA #28853

CERTIFICATE OF SERVICE – 1
Case No. 2:25-cv-00281-TOR

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711